**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| GEORGE FOXX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:13-cv-00497-RCJ-VPC |
| vs. | ) | |
| | ) | |
| SHANE LOWERY et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

Plaintiff George Foxx has sued Defendants Shane Lowery and Galloway Energy, Inc. *in pro se* for securities fraud. Plaintiff previously asked the Court to enter default judgment against Defendants. The Court denied the motion, as the docket indicated no entry of default as to any Defendant. Plaintiff asked the Clerk to enter default, but the Clerk refused because there appeared to be no proper service. Plaintiff has again moved for a default judgment. For the reasons given herein, the Court denies the motion and dismisses the case without prejudice.

**I.    LEGAL STANDARDS**

Obtaining default judgment is a two-step process under Rule 55. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the clerk must enter the party's default. Fed. R. Civ. P. 55(a). The party seeking default judgment must then petition the court for a default judgment. *Id.* at 55(b)(2). "A grant or denial of a motion for the entry of default judgment is within the discretion of the court." *Lau Ah Yew v. Dulles*, 236 F.2d 415, 416 (9th Cir. 1956). A court may,

1  "for good cause shown," set aside an entry of default. *See McMillen v. J.C. Penney Co.*, 205
2  F.R.D. 557, 558 (D. Nev. 2002). Default judgments are generally disfavored, so courts should
3  attempt to resolve motions for default judgment to encourage a decision on the merits. *See id.*
4  (citing *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001)). In order for a
5  court to determine whether to "exercise its discretion to enter a default [judgment]," the court
6  should consider seven factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* (citing *Eitel*, 782 F.2d at 1471–72).

**II.    ANALYSIS**

The Clerk was correct not to enter default, as the Proof of Service (ECF No. 14) in the record is defective. The attachments thereto consist mainly of postal records. The records tend to indicate that Plaintiff mailed something to Defendant Shane Lowery at Defendant Galloway Energy, Inc. in Vancouver, Canada, and that a person named B. Dobbs signed for the package at that address on September 25, 2013. The affidavit of attempted service, however, indicates that several attempts to personally serve Lowery at that address (a residential address) in October 2013 were unsuccessful. Other residents in that building variously reported that they knew no Lowery or that they did but that he had not resided there for two years. There is no evidence that Plaintiff attempted service by forwarding a request for service to the Canada's central authority for service under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. Article 10 of the Convention permits service my direct mail, so long as the contracting nation does not object. The Convention's website indicates that Canada is a signatory and has not objected to service by mail. Rule 4(f)(2) therefore permits service by mail in Canada, so long as it is reasonably calculated to provide service via a method prescribed by

Canada for service in a court of general jurisdiction. The Court need not examine whether the postal service attempted in this case complies with Canada's service rules. It is clear that service was constitutionally insufficient, because the November 2013 affidavit of attempted service based on the inquiries made at the address in October 2013 made clear to Plaintiff that Lowery had not lived at the address where he had attempted service in September 2013 for approximately two years prior to the attempted service:

> We do not think that a person who actually desired to inform a real property owner of an impending tax sale of a house he owns would do nothing when a certified letter sent to the owner is returned unclaimed. If the Commissioner prepared a stack of letters to mail to delinquent taxpayers, handed them to the postman, and then watched as the departing postman accidentally dropped the letters down a storm drain, one would certainly expect the Commissioner's office to prepare a new stack of letters and send them again. No one "desirous of actually informing" the owners would simply shrug his shoulders as the letters disappeared and say "I tried." Failure to follow up would be unreasonable, despite the fact that the letters were reasonably calculated to reach their intended recipients when delivered to the postman.

*Jones v. Flowers*, 547 U.S. 220, 229 (2006). Likewise, here, although the initial attempt to serve Lowery by mail in September 2013 may or may not have been reasonable, it was unreasonable for Plaintiff not to make additional efforts to serve Lowery after discovering in November 2013 that Lowery had not lived at the address in question for two years.

Moreover, Plaintiff had no good cause to request any extension to serve process. Plaintiff filed this action on September 13, 2013. The initial deadline to serve Defendants was therefore 122 days later on Monday, January 13, 2014. *See* Fed. R. Civ. P. 4(m), 6(a)(1). In response to an untimely January 14, 2014 request to extend time to serve process, the magistrate judge extended the time for service until February 13, 2014, with proof of service due by June 20, 2014. The Court assumes for the sake of argument that the magistrate judge properly found both good cause and excusable neglect based on the information before her at the time. *See* Fed. R. Civ. P. 6(b)(1), (b)(1)(B). Plaintiff then filed his proof of service on June 20, 2014. However, the proof of service indicates no additional attempt at service between January 14 and February 13, 2014.

1  The only additional attempt at service appears to have been a May 23, 2014 mailing to the same
2  address that Plaintiff had known was bad since November 2013.  The post office indicates the
3  mailing was not even delivered, but only attempted to be delivered on June 6, 2014.
4      In summary, Plaintiff has not made constitutionally reasonable attempts at notice since
5  discovering (when he still had three months to effect service within the initial 120 days) that
6  Lowery did not reside at the 2743 W. 37th Avenue address in Vancouver, he did not attempt
7  further service within the additional thirty days granted by the magistrate judge, and when he
8  later attempted service again, it was not a constitutionally reasonable attempt.  The Court will not
9  further extend the time to serve process under these circumstances but will dismiss without
10 prejudice. *See* Fed. R. Civ. P. 4(m).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Entry of Clerk's Default (ECF No. 13) and the Motion for Default Judgment (ECF No. 15) are DENIED.

IT IS FURTHER ORDERED that the case is DISMISSED without prejudice, and the Clerk shall close the case.

IT IS SO ORDERED.

Dated this 26th day of August, 2014.

_____
ROBERT C. JONES
United States District Judge